# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VANESSA G. LYONS CALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-16-1225-HE |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this case, plaintiff Vanessa Calvin, proceeding *pro se*, asserts claims on behalf of herself and her siblings, in her alleged capacity as the "trustee and executor" of the "Jimmie Lyons & Mercy D. Lyons Irrevocable Trust Dated 1991 LLC." The complaint, though lengthy and supported by voluminous exhibits and/or supporting material, is not clear as to the nature of, or the basis for, the various claims. At base, the claims appear to arise from a continuing dispute between plaintiff (and, apparently, her siblings) and Shirley Lyons, the second wife of plaintiff's father Jimmie Lyons.

The complaint and related submissions indicate that Mr. Lyons suffered from cancer prior to his death and there appears to have been a guardianship proceeding in state court, and allegations of improper care of him, prior to his death. After Mr. Lyons's death, Shirley Lyons sought appointment as the personal representative of his estate. Plaintiff apparently contested the appointment, claiming that Ms. Lyons's marriage to her father was bigamous and that Ms. Lyons had not been validly divorced from a prior husband. She also apparently objected on the basis of Ms. Lyons's pre-death care of Mr. Lyons. The state district court appointed Ms. Lyons as the personal representative.

During the pendency of the probate proceeding there was apparently an effort to sell certain real estate that had been the home of Mr. and Mrs. Lyons, or at least owned by them[1], which property was apparently the subject of a foreclosure proceeding instituted by defendant Nationwide Advantage Mortgage Company. Plaintiff objected to the sale of the property and,[2] with her sister, was apparently ejected from it later in some sort of forcible entry and detainer proceeding or process. It appears there were multiple appeals to the Oklahoma appellate courts from orders in the probate, and perhaps other, cases.

In 2015, plaintiff attempted to remove the probate proceeding to this court. The court dismissed the case on the basis of lack of federal subject-matter jurisdiction to administer an estate. In re Estate of Jimmie and Mercy Lyons v. Shirley Ann Lyons, No. CIV-0415-HE (W.D. Okla. Apr. 22, 2015).

Plaintiff has now filed a new complaint raising what appear to be the same issues and objections she had raised in the 2015 case. However, the complaint now purports to characterize the claims as ones for violation of her (and/or her siblings) civil rights. Here, she names as defendants the State of Oklahoma/Attorney General, the District Attorney of Comanche County, the state district judge presiding over the probate case, Ms. Lyons and her lawyers, the mortgage company which held the mortgage on the property, the company

---

[1]Certain of the submissions indicate the property was held in joint tenancy between Mr. Lyons and his first wife at the time of her death. It is unclear whether the trust which plaintiff purports to act on behalf of did or did not hold title to the property at some point.

[2] Plaintiff's submissions indicate that she filed multiple "voids" and "void ab initios" in the state court proceedings to show her objection to the various actions or proceedings.

that serviced it, and the title company which apparently handled the closing. She has also sued the purchasers of the property and the bank financing its purchase.

Four sets of defendants have moved to dismiss the claims against them or the case generally. Certain of the motions seek dismissal on the basis that the court lacks subject matter jurisdiction over the claims, arguing that neither federal question nor diversity jurisdiction exist. All assert Rule 12(b)(6) objections for failure to state a claim, based on various theories. Certain of the defendants raised immunity or similar arguments as a basis for dismissal. Plaintiff has responded to the motions [Doc. #38].

With respect to the issue of subject matter jurisdiction, this case appears to be, in substance, a continuing objection to the way in which the state court probate proceeding was conducted. And as such, it continues to be potentially subject to the rule announced in the prior case—federal courts have no jurisdiction "to probate a will or administer an estate." Markham v. Allen, 326 U.S. 490, 494 (1946). In the conclusion to her response brief [Doc. #38], plaintiff appears to summarize her concern as being that Ms. Lyons should not have been appointed the personal representative of plaintiff's father's estate.[3] That question appears to be a pure probate court issue, and this court lacks the authority to act as an appellate court reviewing the orders in the probate case. However, as plaintiff at least attempts to state various claims beyond simply challenging the probate court's orders, the

---

[3] *She also objects to Ms. Lyons being able to use "our families last name Lyons" due to Ms. Lyon's alleged abuse of the family.*

3

court declines to dismiss the case on that basis. So the question becomes whether plaintiff has otherwise stated a proper basis for jurisdiction in this court.

The court concludes plaintiff has not presently alleged a basis for jurisdiction here based on a federal question. The complaint[4] does purport to assert civil rights claims under First, Fourth, Fifth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution, and seeks "the forcing of the Eleventh Amendment where possible." It also references the Fair Debt Collection Act, the Truth in Lending Act and other federal programs.[5] But, even construing the complaint liberally, as warranted by plaintiff's *pro se* status, the court can discern no colorable federal claim under any of the referenced Amendments based on the facts plaintiff has alleged. It is clear that plaintiff disagrees, and disagrees strongly, with the decisions made and actions taken in the state court. It is clear that she views them as unfair. But disagreement with a state court result, without more, does not translate into a federal civil rights complaint. Similarly, objecting to the particular transactions as to the real estate (i.e. the servicing or foreclosure of a mortgage) does not, without more, constitute a violation of the referenced federal statutes. The court concludes a basis for federal question jurisdiction has not been shown.

---

[4] *Doc. #8. Plaintiff labels the document, and refers to it in her multiple submissions, as the "Amendment Compliant," but it is the complaint.*

[5] *In the portion of the complaint apparently directed to describing the federal claims plaintiff seeks to assert, she also identifies trespass, fraud, embezzlement, extortion, negligence, judicial misconduct, breach of fiduciary duties, breach of contract, and intentional infliction of emotional distress. Such claims are not federal claims.*

The court concludes otherwise as to jurisdiction based on diversity of citizenship. Giving plaintiff the fullest benefit of a liberal construction of her pleadings as a *pro se* litigant, including, as appropriate, her notebook of supplemental submissions, the court concludes plaintiff has made a sufficient preliminary, *prima facie* showing of diversity of citizenship. She asserts that she is a resident and citizen of Arizona.[6] While the complaint does not explicitly address the citizenship of the defendants, it more or less appears that they are citizens of Oklahoma or at least not of Arizona. Certain of the defendants object that $75,000 in controversy has not been shown. Again, giving plaintiff the benefit of the broadest possible construction of her submissions, the court concludes a sufficient showing of amount in controversy, based principally on the likely value of the home and related expenses incurred in pursuing her claims,[7] has been made. *See generally*, McPhail v. Deere & Co., 529 F.3d 947 (10th Cir. 2008). While this determination does not preclude a further jurisdictional challenge if further proceedings result in this case, the court concludes a sufficient *prima facie* showing of jurisdiction based on diversity of citizenship has been made—barely—to avoid dismissal on that basis.

The question then becomes whether plaintiff has stated a claim against the various defendants. At the motion to dismiss stage, the court views all well-pleaded factual

---

[6] *Although it is not altogether clear at this point, plaintiff's claims based on her status as trustee appear to result in her citizenship, rather than that of all trust beneficiaries, being the basis for the diversity determination. See* Conagra Foods Inc. v. Americold Logistics, LLC, *776 F.3d 1175 (10th Cir. 2015).*

[7] *Plaintiff may also be asserting claims for intentional infliction of mental distress, or similar claims, and states that she and her siblings have experienced great distress by reason of defendants' actions.*

5

allegations in the complaint as true and draws inferences from them in the light most favorable to the non-moving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). The complaint must, though, include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It must include "more than labels or conclusions or a formulaic recitation of the elements of a cause of action." Id. at 640–41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)). And as noted above, complaints submitted by *pro se* litigants are construed liberally—allowances may be made for "confusion of various legal theories . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements," but the court stops short of constructing arguments for the plaintiff. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Applying these standards to the complaint, the court concludes it fails to state a claim against any defendant. As noted above, and focusing on the facts pleaded rather than legal conclusions, the court can discern no colorable claim of a violation of plaintiff's constitutional rights or other basis for a claim pursuant to 42 U.S.C. § 1983. Something more than an allegation that a state court proceeding was unfair must be shown. Further, there is no allegation sufficient to show that any of the private defendants "acted under color of" state law, such as would be necessary to a § 1983 claim.

As to the claims against the Oklahoma Attorney General and District Attorney of Comanche County, they appear to be barred by Eleventh Amendment or other sovereign immunity. Further, the complaint alleges nothing that might even arguably state a claim against either defendant.

The complaint does reference specific actions by Judge Neuwirth, the state court judge who presided over the probate proceeding. But his actions were clearly taken in his judicial capacity and any claim against him is barred by judicial immunity. *See* <u>Mireles v. Waco</u>, 502 U.S. 9, 11–12 (1991).

As to all other defendants, no basis for claim is stated. There is nothing in plaintiff's voluminous submissions to support an inference that Ms. Lyons or her attorneys did anything other than to be on the other side of a contested legal proceeding. Conclusory allegations that the attorneys "conspired" or "collaborated" with the judge or others does not state a claim. Similarly, there is nothing to suggest improper conduct by the other defendants in making, servicing or foreclosing the mortgage on the home, or by buying the home from the estate, or financing its purchase.

The Motions to Dismiss of the defendants [Doc. Nos. 27, 30, 33, & 36] are **GRANTED**. All claims in this case are **DISMISSED**. The claims against the Attorney General and the District Attorney, and those against Judge Neuwirth, are **DISMISSED WITH PREJUDICE**. As to the other defendants, the court has considerable doubt whether claims can be stated by plaintiff based on what has been offered thus far. Plaintiff should understand that, where a party fails to prevail in some other court, the usual and normally exclusive remedy is to appeal the adverse determination. Plaintiff has apparently done that, or at least had the chance to do that, without success and will be bound by the results of those decisions. A continuing disagreement with the state courts will not, without something more than has been shown here, translate into a civil rights or other claim in federal court. However, as claims against the remaining defendants are at least

theoretically possible, plaintiff will be granted an opportunity to amend and to attempt to remedy the deficiencies if she can do so. Plaintiff's amended complaint, if any, shall be filed within **fourteen (14) days** from the date of this order.

Defendant BancFirst's Motion for Leave to File a Reply [Doc. #39] is **STRICKEN** as **MOOT**.

**IT IS SO ORDERED**.

Dated this 15th day of March, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE